IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>            Defendant.<br>_____/ | No. C 06-6567 CW<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY PENDING APPEAL AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE |

    Defendant T-Mobile USA, Inc., has filed a motion to stay all proceedings in this case pending its interlocutory appeal of this Court's decision denying its motion to compel arbitration. Defendant has also requested judicial notice of the statements of three of its employees and two documents filed previously in this case.  Plaintiff Russell Bradberry opposes the motion to stay, but does not oppose the request for judicial notice.  This matter was taken under submission on the papers.  Having considered all of the

papers filed by the parties, the Court DENIES without prejudice Defendant's motion to stay all proceedings and GRANTS Defendant's request for judicial notice.

## BACKGROUND

Plaintiff's action alleges that Defendant schemed to cheat its customers by charging them for cell phone services purchased by previous customers who used the same phone number in the past.

Defendant moved to compel arbitration based on the terms of its contract with Plaintiff. On April 27, 2007, this Court issued an order denying Defendant's motion to compel arbitration, reasoning that the class action waiver clause of the contract was procedurally and substantively unconscionable and thus unenforceable. Order Denying Arbitration (April 27 Ord.) at 10-14. Therefore, the mandatory arbitration clause did not apply, because the contract invalidates the arbitration clause if the class action waiver is not enforceable. April 27 Ord. at 14. Defendant filed an interlocutory appeal of the April 27 Order. Defendant then filed this motion to stay all proceedings in this case pending resolution of its appeal.

## LEGAL STANDARD

Some jurisdictions hold that the trial court must stay proceedings while a denial of a motion to compel arbitration is appealed. See, e.g., Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505-06 (7th Cir. 1997); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215, n.6 (3rd Cir. 2007). However, the Ninth Circuit has held that a district court has discretion to decide whether to grant a stay, reasoning that a

2

mandatory stay

> would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. See, e.g., Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 829 (D.C. Cir. 1987) (district court, after denying appellant's motion to compel arbitration, granted its motion for a stay pending appeal because it found appellant's claim raised issues of first impression and that appellant would suffer substantial harm if the action were not stayed); C.B.S. Employees Federal Credit Union v. Donaldson, 716 F. Supp. 307 (W.D. Tenn. 1989) (developing test to determine whether district court should stay trial proceedings pending appeal from denial of motion to stay proceedings pending arbitration). This is a proper subject for the exercise of discretion by the trial court.

Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). If the appeal is successful, any judgment rendered in the trial court will be vacated and the parties will be required to arbitrate the claim. Id. at 1410. Britton refers to two cases which provide guidance as to how a trial court should exercise discretion regarding whether to grant a stay pending an appeal. Id. at 1412.

The first is C.B.S. Employees Federal Credit Union v. Donaldson, 716 F. Supp. 307, 309 (W.D. Tenn. 1989), in which the court determined that a stay pending appeal of the denial of a motion to compel arbitration falls under Federal Rule of Civil Procedure 62(c) and thus is subject to the four part test set out by the United States Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 776 (1987). C.B.S., 716 F. Supp. at 309. The Hilton test balances

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

> applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton, 481 U.S. at 776.

The second case cited in Britton, 916 F.2d at 1412, is Pearce v. Hutton, 828 F.2d 826, 829 (D.C. Cir. 1987). In Pearce, both defendants, Bell and Hutton, moved to compel arbitration. The district court denied their motions and they appealed. The D.C. Circuit affirmed the district court's decision to stay Hutton's trial because the denial of his motion to compel arbitration presented a question of first impression and he would suffer substantial harm if he were forced to proceed with trial but his appeal were later successful. Id. at 829. On the other hand, the D.C. Circuit affirmed the district court's decision to deny Bell's motion to stay because it was "clear that there is no arbitration agreement between plaintiff and Bell." Id. Defendant's motion does not present a matter of first impression. This Court relied on Ninth Circuit cases which directly addressed the unconscionability of a class action waiver.

Defendant cites three cases with almost identical facts that are now pending before the Ninth Circuit. Winig v. Cingular Wireless, LLC, 2006 U.S. Dist. LEXIS 83116 (N.D. Cal.); Laster v. T-Mobile USA, Inc., 2006 U.S. Dist. LEXIS 88855 (N.D. Cal.); Ford v. Verisign, Inc. et al., 2006 U.S. Dist. LEXIS 88856 (S.D. Cal.). In each of these cases, a customer filed a class action suit against a cell phone company. In each case the customer's contract contained provisions similar to the provisions contained in the

4

contract in the instant case: an arbitration clause, a class action waiver clause and a clause which nullified the arbitration clause if the class action waiver was found to be invalid.  In each case the defendant company's motion to compel arbitration was denied because the class action waiver was deemed unconscionable based, in part, on Discover Bank v. Superior Court, 36 Cal. 4th 148, 162-163 (2005).[1]  Laster, 2006 U.S. Dist. LEXIS 88855 at *2; Winig v. Cingular Wireless, LLC, 2006 U.S. Dist. LEXIS 73137, *8-12 (N.D. Cal.); Ford, 2006 U.S. Dist. LEXIS 88856 at *1-3.  In each case, the defendant filed a motion to stay pending appeal, and the district court granted the stay, reasoning that the appeal satisfied the substantial question element of Britton because the Ninth Circuit has not addressed the California Supreme Court's holding in Discover Bank.  These courts also found that the balance of the other equities under the Hilton test favored a stay. Laster, 2006 U.S. Dist. LEXIS 88855 at *8-9; Winig, 2006 U.S. Dist. LEXIS 83116 at *4-5; Ford, 2006 U.S. Dist. LEXIS 88856 at *5-7.

JUDICIAL NOTICE

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 688-690 (9th Cir. 2001); Interstate Natural

---

[1] Discover Bank held that a class action waiver in a consumer contract of adhesion is substantively unconscionable if (1) it is "in a setting in which disputes between the contracting parties predictably involve small amounts of damages" and (2) the lawsuit involves allegations of "a scheme to deliberately cheat large numbers of consumers out of individually small sums of money."

5

Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).

Defendant requests judicial notice of statements by three of its employees regarding its billing policies (Chang Dec., Docket # 57, exhibit A), details of interactions between its customer service representatives and Plaintiff (Dudanake Dec., Docket # 57, exhibit B), and its billing inserts (Richardson Dec., Docket # 57, exhibit E). Defendant has also requested judicial notice of two documents previously filed in this case: the Motion to Compel Arbitration (Docket # 57, exhibit C) and the Order Denying Defendant's Motion to Compel Arbitration (Docket # 57, exhibit D). Plaintiff has not objected. Therefore, the Request for Judicial Notice is GRANTED.

## DISCUSSION

I. Substantial Question

Defendant argues that in its appeal, as well as the appeals of the orders denying motions to compel arbitration in Laster, Ford and Winig, the Ninth Circuit will find that the holding of Discover Bank is incorrect and that the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., preempts California contract law.

Defendant further argues that, even if the holding of Discover Bank is found correct, it does not apply to the class action waiver in this case because its contract with Plaintiff contained consumer-friendly provisions and there was no surprise to Plaintiff. Defendant also claims that Plaintiff did not plead a scheme to defraud consumers.

This Court found that Plaintiff did properly plead a scheme to

6

defraud consumers in his First Amended Complaint (FAC), April 27 Ord. at 13-14, and found Defendant's argument that Discover Bank is distinguishable unpersuasive, id. at 13. Nonetheless, Defendant's appeal presents a substantial legal question.

II.  Balance of Equities

    A.  Irreparable Injury to Defendant

Defendant cites Alascom, Inc. v. ITT North Electric Co., 727 F.2d 1419, 1422 (9th Cir. 1984) and Bradford-Scott, 128 F.3d at 505-06, in support of its contention that a denial of a stay would constitute "irreparable harm" because of the added costs of litigating to conclusion. Winig, Ford and Laster also cite these cases in support of their holdings that a denial of a stay would constitute irreparable harm to the movant. Laster, 2006 U.S. Dist. LEXIS 88855 at *9; Winig, 2006 U.S. Dist. LEXIS 83116 at *6-7; Ford, 2006 U.S. Dist. LEXIS 88856 at *7. The Court finds this reasoning to be unpersuasive, because Alascom and Bradford-Scott are distinguishable.[2] [3]

---

[2] Defendant also argues that if the stay is denied, it will be denied its contractual right to arbitrate. However, because Defendant's motion to stay is denied without prejudice, it may move to stay when the trial date approaches.

[3] Plaintiff argues that Defendant's withdrawal of its motion to delay filing an answer constitutes an implicit admission that Defendant will not suffer irreparable injury if this Court denies a stay. Plaintiff also argues that Defendant has "refused to file [an Answer], notwithstanding this Court's May 7, 2007 order."
    This Court ordered Defendant "to answer or otherwise plead in response to the Amended Complaint by 5/14/07." Case Management Order at 1. Defendant indicates that it withdrew its motion for extension of time to answer because it filed this motion to stay the entire proceeding. Reply to Opposition at 3:1-9. Because it filed the motion to stay, Defendant did not disregard the Court's order. Plaintiff's argument is unpersuasive.

7

Alascom authorized an immediate interlocutory appeal of a denial of a motion to compel arbitration, instead of requiring the moving party first to go through a trial before it could appeal. Alascom, 727 F.2d at 1422.[4] Alascom reasoned that if a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration -- speed and economy -- are lost forever." Alascom, 727 F.2d at 1422 (internal quotations omitted). It might be reasonable to infer that the Ninth Circuit's holding leads to the conclusion that denying a stay pending appeal would necessarily cause irreparable harm, if it were not for the Ninth Circuit's holding six years later in Britton, 916 F.2d at 1412, that whether to stay pending appeal is within the discretion of the district court.

Bradford-Scott is a Seventh Circuit case which criticizes and rejects Britton. 128 F.3d at 506. Its holding is in direct conflict with the Ninth Circuit's holding in Britton, 916 F.2d at 1412, which vests discretion to grant a stay to the trial court.

Defendant focuses on the cost of continued litigation while its appeal is pending as its major harm. However, this Court indicated that a stay would be appropriate when the trial date approaches or if discovery were burdensome. Transcript of March 30, 2007 Hearing at 24:7-17. The cost of some pretrial litigation does not constitute an irreparable harm to Defendant.

B.   Substantial Injury to Plaintiff

---

[4] Before the 1988 and 1990 amendments to the FAA, a party whose motion to compel arbitration was denied did not have a statutory right to an immediate interlocutory appeal of that denial. See 9 U.S.C. § 16.

8

Defendant argues that Plaintiff will not suffer "substantial harm," pointing out that Plaintiff's "claim is relatively small" and the "case is in its infancy."

Winig found that a similarly situated plaintiff "will have suffered little additional injury as a result of the stay" when the claim is small. Winig, 2006 U.S. Dist. LEXIS 83116 at *7. On the other hand, both Laster and Ford acknowledged that delaying a plaintiff's day in court constituted a substantial injury to the plaintiff. Laster, 2006 U.S. Dist. LEXIS 88855 at *9; Ford, 2006 U.S. Dist. LEXIS 88856 at *8.

Plaintiff argues that he is at risk of loss of evidence. Defendant argues that the risk of lost evidence is speculative. However, the risk of lost evidence weighs against granting a stay. This risk and the delay in litigation constitute a substantial injury to Plaintiff, even though his claim is relatively small.

C.   The Public Interest

Defendant argues that the public interest would be served by granting a stay pending appeal in order to conserve potentially wasted judicial resources. Plaintiff argues that the public interest lies in preventing delay in litigation so that the allegedly fraudulent activities of Defendant may be stopped.[5]

1.   Judicial Resources

---

[5] Defendant also argues that if the stay is not granted there is a risk of inconsistent rulings. The Ninth Circuit has explained that if a denial of a motion to compel arbitration is reversed, then any ruling by the district court would be vacated and arbitration will proceed. Britton, 916 F.2d at 1410. Therefore, if Defendant's appeal is successful there is no significant risk of inconsistent rulings.

Defendant's argument is supported by the Laster, Winig and Ford courts, which all held that the public interest lies in conservation of judicial resources. Laster, 2006 U.S. Dist. LEXIS 88855 at *10; Winig, 2006 U.S. Dist. LEXIS 83116 at *8-10; Ford, 2006 U.S. Dist. LEXIS 88856 at *8-9. Therefore, the Court will address the likelihood of success of the appeal to determine the probability that judicial resources will be conserved.

Ting v. AT&T, 319 F.3d 1126, 1150 (9th Cir. 2003), and Ingle v. Circuit City Stores, 328 F.3d 1165, 1175-76 (9th Cir. 2003), criticized the California appellate court's holding in Discover Bank v. Superior Court, 105 Cal. App. 4th. 326, 339-348 (2003), that section 2 of the FAA preempts general California contract law. Ting rejected

> the reasoning in Discover Bank . . . [which] held that "section 2 of the FAA, which mandates enforcement of arbitration agreements, preempts any otherwise applicable California judicial law finding class action waivers to be substantively unconscionable and invalid." Discover [Bank], 105 Cal. App. 4th at 345. . . . [This] conclusion runs contrary to the plain text of § 2 of the FAA as well as established federal judicial precedent interpreting the section. Section 2 of the FAA provides that arbitration agreements are generally enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has emphasized that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the FAA]." Doctor's Assoc., 517 U.S. at 687.

Ting, 328 F.3d at 1176, fn. 15. In Discover Bank, 36 Cal. 4th. at 163-67, the California Supreme Court reversed the court of appeal, based on reasoning similar to that of the Ninth Circuit. This undermines Defendant's chances of success on appeal. Further, this Court did not rely on Discover Bank as the sole authority for the

10

1 finding that the class action waiver clause was substantively
2 unconscionable, but relied on other Ninth Circuit cases. April 27
3 Ord. at 12-13.
4     Because Defendant does not have a strong likelihood of success
5 on appeal, a stay may not result in the conservation of judicial
6 resources. Therefore, the public interest in judicial economy does
7 not strongly favor granting a stay.

        2.   Enjoining Fraudulent Activity

9     The Winig and Laster courts acknowledged that there was public
10 interest in preventing illegal activities, but the Winig court
11 reasoned that the requested stay would not materially affect that
12 interest, and the Laster court reasoned that the interest in
13 judicial economy outweighed the cost of delaying the redress of the
14 plaintiff's injuries. Laster, 2006 U.S. Dist. LEXIS 88855 at *10;
15 Winig, 2006 U.S. Dist. LEXIS 83116 at *9-10.
16     If the allegations of fraud have merit, any delay harms the
17 public interest. Unlike Plaintiff, the putative class members may
18 not be aware of the harm Defendant's actions are allegedly causing
19 them. A delay of proceedings will allow any harm to the putative
20 class members to continue, and therefore may materially affect the
21 public interest in vindicating the rights of consumers.
22     Defendant has established that its appeal presents a
23 substantial question, but the balance of equities does not favor
24 granting a stay of all proceedings at this time. Defendant will
25 not suffer irreparable harm if pretrial litigation proceeds,
26 Plaintiff and the putative class will suffer substantial hardship
27 if all litigation is stayed, and the public interest does not favor

delaying litigation.

## CONCLUSION

Based on the foregoing, the motion to stay proceedings pending appeal of the denial of the motion to compel arbitration (Docket # 56) is DENIED without prejudice to refiling if discovery becomes burdensome or if the trial date approaches.  The request for judicial notice (Docket # 57) is GRANTED.

IT IS SO ORDERED.

Dated: 8/2/07

CLAUDIA WILKEN
United States District Judge