IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBURY, individually and on behalf of a class of similarly situated individuals,<br><br>         Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC.,<br><br>         Defendant._____/ | No. C 06-06567 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

    Plaintiff Russell Bradbury moves to compel Defendant T-Mobile USA, Inc. to disclose the names and contact information of putative class members.  T-Mobile opposes the motion.  The matter was decided on the papers.  Having considered all of the papers submitted by the parties, the Court DENIES Plaintiff's Motion to Compel.

                                BACKGROUND

    This action involves T-Mobile's alleged practice of improperly "recycling" its phone numbers.  Plaintiff claims that Defendant assigns used phone numbers to its customers without removing the prior user's subscriptions to services which charge the user for providing information.  This results, Plaintiff alleges, in charges for content for which the customer did not agree to pay.

Plaintiff filed his class action complaint on October 20, 2006. No class has been certified. At the July 14, 2009 Case Management Conference, the parties reported that Plaintiff had agreed to settle his claims against mBlox, a defendant in a related action concerning the same conduct. See Bradberry v. mBlox, Inc., No. 07-5298 CW (N.D. Cal.). Plaintiff's settlement with mBlox will extinguish his claims against T-Mobile in this case. The Court allowed Plaintiff's counsel two months to move to amend the complaint if they had a new plaintiff to represent the class in this case. In an apparently misguided attempt at levity, the Court phrased this as "two months to fish for a plaintiff." However, the Court did not intend to imply that Plaintiff's counsel could fish in Defendant's waters, or require Defendant to do the fishing. The Court intended to give Plaintiff's counsel an opportunity to investigate the consumer community or among other consumers' counsel to determine if other members of the purported class wished to sue.

On July 27, 2009, Plaintiff sent a letter to Defendant, seeking the "names and contact information for 25 persons who T-Mobile determined were potential class members . . . and who were billed by each aggregator that T-Mobile used other than mBlox or m-Qube." Jacobs Decl., Ex. A at 2 (emphasis in original). The letter was sent "so that Class Counsel may substitute a suitable class representative and protect the interests of the absent class members who will not be covered by the expected mBlox and m-Qube settlements." Mot. at 4. Defendant rejected Plaintiff's request.

## DISCUSSION

Plaintiff provides no controlling authority showing that he is

2

entitled to this discovery.  He cites two district court cases, both of which are distinguishable.  In <u>Tomassi v. City of Los Angeles</u>, the court provided pre-class certification discovery of putative class members' names and addresses pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA).  2008 WL 4722393, *2-*3 (C.D. Cal.) (citing <u>Hoffman-LaRoche v. Sperling</u>, 493 U.S. 165, 170 (1989)).  <u>Tomassi</u> provides no support for Plaintiff's request because this case does not involve the FLSA.  In <u>Wiegele v. Fedex Ground Package System</u>, the district court affirmed a magistrate judge's order that the defendant provide the names and addresses of current and former employees.  2007 WL 628041, *1 (S.D. Cal.).  The magistrate judge had found that "putative class members possess relevant discoverable information concerning issues dealing with Plaintiff's wage and hour claims, as well as class certification issues."  <u>Id.</u> at *2.  The district court judge noted that the identified putative class members were "likely percipient witnesses to Plaintiff's wage and hour claims."  <u>Id.</u> at *2 n.1.  Here, however, Plaintiff does not seek information from putative class members concerning the merits of his case, nor does he argue that they would serve as percipient witnesses.  He only seeks discovery to find a putative class member who will replace him.

//
//
//
//
//
//

3

CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is DENIED. The case has been set for further Case Management Conference on April 6, 2010 at 2:00 p.m. If by that time Plaintiff's settlement of his claim in the related action is final, this case will be dismissed.

IT IS SO ORDERED.

Dated: 10/20/09

CLAUDIA WILKEN
United States District Judge